1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11     JESSIE LUIS RENEAUX,                        No.  2:20-cv-02139 GGH P

12                    Petitioner,

13          v.                                       ORDER

14     FEDERAL DISTRICT COURT OF
       CALIFORNIA,[1]
15
                      Respondent.
16

17          Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus

18     pursuant to 28 U.S.C. § 2254.  Petitioner has not, however, filed an in forma pauperis affidavit or

19     paid the required filing fee ($5.00). See 28 U.S.C. §§ 1914(a); 1915(a). Petitioner will be

20     provided the opportunity to either submit the appropriate affidavit in support of a request to

21     proceed in forma pauperis or submit the appropriate filing fee.

22          Review of petitioner's habeas petition shows petitioner has not signed the petition.

23     Apparently, the last page of the petition was omitted from petitioner's filing.  Parties proceeding

24     without counsel are required to sign all pleadings, motions, and other papers submitted to the

25     _____

26     [1] "A petitioner for habeas corpus relief must name the state officer having custody of him or her
       as the respondent to the petition." Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th
27     Cir. 1994) (citing Rule 2(a), 28 U.S.C. foll. § 2254).  In the instant action, petitioner has named
       the Federal District Court of California as the respondent. This is not the proper respondent in this
28     action.  Petitioner is cautioned that when he refiles his petition, he should name the proper
       respondent.

                                                      1

1  court for filing.  Fed. R. Civ. P. 11(a).  Thus, the court is unable to consider the petition unless

2  petitioner signs and re-files the petition or supplies the last page (signed) of the petition.

3        Accordingly, petitioner will be provided an opportunity to re-file the petition, or the last

4  page of the original petition, bearing his signature. Failure to submit either a signed amended

5  petition or the last page (signed) of the original petition will result in a recommendation that this

6  action be dismissed.[2]

7        Good cause appearing, IT IS HEREBY ORDERED that:

8        1.  Petitioner shall submit, within thirty days from the date of this order, an affidavit in

9  support of his request to proceed in forma pauperis or the appropriate filing fee; petitioner's

10  failure to comply with this order will result in the dismissal of this action;

11        2.  Within thirty days from the date of this order, petitioner shall re-file a signed petition

12  or the last page (signed) as directed above;[3] and

13        3.  The Clerk of the Court is directed to send petitioner a copy of the in forma pauperis

14  form used by this district and the court's form application for writ of habeas corpus.

15  Dated: November 6, 2020

16                                        /s/ Gregory G. Hollows
                                        UNITED STATES MAGISTRATE JUDGE

17

18

19

20

21

22

23

24  [2] Petitioner is cautioned that the habeas corpus statute imposes a one-year statute of limitations
for filing non-capital habeas corpus petitions in federal court.  In most cases, the one year period
25  will start to run on the date on which the state court judgment became final by the conclusion of
direct review or the expiration of time for seeking direct review, although the statute of
26  limitations is tolled while a properly filed application for state post-conviction or other collateral
review is pending.  28 U.S.C. § 2244(d).
27  [3] By setting this deadline the court is making no finding or representation that the petition is not
28  subject to dismissal as untimely.  See 28 U.S.C. § 2244(d).

2