UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE LUIS RENEAUX,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>BRIAN KIBLER, Warden,<br><br>　　　　　Respondent. | No. 2:20-cv-02139 GGH P<br><br><br>ORDER AND FINDINGS AND<br>RECOMMENDATIONS |

*Introduction and Summary*

　　　Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302(c).

　　　Pending before the court is respondent's motion to dismiss petitioner's habeas petition pursuant to the Younger[1] abstention doctrine. ECF No. 10. Petitioner has filed an opposition. ECF No. 18. Based on petitioner's opposition, the undersigned directed parties to submit status reports regarding the status of petitioner's resentencing proceedings. ECF Nos. 19, 21, 23. After careful reviewing the filings and applicable legal standards, the undersigned now issues the following findings and recommendations.

////

---

[1] Younger v. Harris, 401 U.S. 37 (1971).

1

*Discussion*

Petitioner was convicted in Yolo County Superior Court for dissuading a witness, false imprisonment and corporal injury. ECF No. 11-1. Multiple sentencing enhancements were found to be true. Id. On March 27, 2016, petitioner was sentenced to twenty-one years and four months in state prison. Id. Petitioner appealed to the California Court of Appeal, Third Appellate District ("Court of Appeal"). On June 17, 2020, the Court of Appeal affirmed the judgment of conviction but remanded the matter to the trial court to resentence petitioner pursuant to Cal. Pen. Code §§ 667(a); 1385(b) and struck petitioner's Cal. Pen. Code § 667.5(b) enhancements. ECF No. 11-2. Petitioner appealed to the California Supreme Court. ECF No. 11-3. On August 26, 2020, the California Supreme Court denied petitioner's petition for review. ECF No. 11-4. To date, petitioner's resentencing proceedings in trial court are currently ongoing. See ECF No. 22-1. Petitioner filed the instant federal habeas petition on November 12, 2020. ECF No. 1.[2]

When challenging ongoing criminal proceedings, principles of comity and federalism weigh against a federal court interfering with ongoing state criminal proceedings. Younger v. Harris, 401 U.S. at 43-54. Younger abstention is required when 1) state proceedings, judicial in nature, are pending; 2) state proceedings involve important state interests; and 3) the state proceedings afford adequate opportunity to raise the constitutional issue. See Middlesex County Ethic Comm. v. Garden State Bar Ass'n., 457 U.S. 423, 432 (1982). If the Younger requirements are satisfied, abstention is required unless "state proceedings are conducted in bad faith or to harass the litigant, or other extraordinary circumstances exist[.]" Baffert v. California Horse Racing Bd., 332 F.3d 613, 621 (9th Cir. 2003).

In the instant action, the Younger requirements are satisfied. First, petitioner acknowledges, and the record confirms, petitioner is currently awaiting resentencing procedures in his criminal proceeding. Moreover, Younger abstention requires federal courts to abstain when state court proceedings are ongoing *at the time the federal action is filed*. Beltran v. California,

---

[2] Petitioner originally filed his habeas petition without signing his petition. Accordingly, the Court provided petitioner an opportunity to submit a signed petition or file the last page (signed) of petitioner's habeas petition in accordance with Fed. R. Civ. P. 11(a). ECF No. 3. Petitioner's filing is dated from the date petitioner signed the petition.

871 F.2d 777, 781 (9th Cir. 1988). Secondly, ongoing criminal proceedings implicate important state interests. Further, petitioner has an adequate opportunity to present constitutional challenges through his state court remedies. Petitioner will not be deprived of his opportunity to present his habeas claims upon his conviction becoming final. Finally, petitioner has not shown that an exception to the <u>Younger</u> abstention doctrine exists. Accordingly, the undersigned recommends respondent's motion to dismiss be granted.

*Certificate of Appealability*

Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability may issue only "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons set forth in these findings and recommendations, a substantial showing of the denial of a constitutional right has been made in this case.

*Conclusion*

In accordance with the above, IT IS HEREBY ORDERED that the Clerk of the Court is directed to randomly assign a district judge to this action.

Further, IT IS HEREBY RECOMMENDED that:

1  Respondent's motion to dismiss (ECF No. 10) be granted;

2.  Petitioner's writ for habeas corpus (ECF No. 1) be dismissed without prejudice; and

3.  The District Court decline to issue a certificate of appealability.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written

////
////
////
////
////

3

objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: September 30, 2021

<u>/s/ Gregory G. Hollows</u>
UNITED STATES MAGISTRATE JUDGE