UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSIE LUIS RENEAUX, | No. 2:20-cv-2139 JAM KJN P |
| Petitioner, | |
| v. | FINDINGS & RECOMMENDATIONS |
| BRIAN KIBLER, | |
| Respondent. | |

Petitioner is a state prisoner, proceeding without counsel. On April 11, 2022, petitioner filed a motion to reopen his case. As discussed below, the motion should be denied.

Background

This action was filed on October 26, 2020. Respondent filed a motion to dismiss noting that remand proceedings were scheduled for February 18, 2021. (ECF No. 1 at 2.) On November 23, 2021, this action was dismissed without prejudice because petitioner was awaiting resentencing in his criminal proceedings pending in the Yolo County Superior Court; thus, the court was required to abstain under Younger v. Harris, 401 U.S. 37 (1971). (ECF Nos. 23, 27.) Petitioner was advised that "Younger abstention requires federal courts to abstain when state court proceedings are ongoing *at the time the federal action is filed*." (ECF No. 25 at 2-3.)

Governing Standards

Under Rule 60(b) of the Federal Rules of Civil Procedure, "[o]n motion and just terms, the court may relieve a party . . . from a final judgment, order, or proceeding," based on:

1

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). "Rule 60(b) reconsideration is generally appropriate in three instances: (1) when there has been an intervening change of controlling law, (2) new evidence has come to light, or (3) when necessary to correct a clear error or prevent manifest injustice." United States v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001) (citation omitted).

Discussion

Here, petitioner fails to identify any factor under Rule 60(b) that would entitle him to reopen this action. Rather, petitioner simply claims that his criminal proceedings have now concluded, and it would be "extremely difficult for [him] to 're-do.'" (ECF No. 29.) However, as explained in the earlier findings and recommendations, this court was required to abstain from deciding petitioner's case; he could raise his constitutional challenges through his state court remedies and challenge his habeas claims once his conviction became final. (ECF No. 25 at 2-3.) Petitioner's conviction would not become final until after the pending criminal proceedings were completed. Thus, if petitioner wishes to challenge the final decision of the Yolo County Superior Court, issued after this action was filed, petitioner must bring a new action. Because Younger abstention is determined at the time the federal action is filed, Beltran v. California, 871 F.2d 777, 781 (9th Cir. 1988), and criminal proceedings were pending at the time petitioner filed this action in 2020, petitioner may not proceed in this action.[1]

Moreover, petitioner is cautioned that before he may file a new federal habeas action, he must first exhaust his state court remedies. The exhaustion of state court remedies is a

---

[1] With his original petition, petitioner provided a copy of the August 26, 2020 California Supreme Court decision denying the petition for review in Case No. S263376. (ECF No. 1 at 15.) The California Supreme Court website reflects no subsequent rulings. The court takes judicial notice of petitioner's records in the state appellate courts, available at http://appellatecases.courtinfo.ca.gov. See Smith v. Duncan, 297 F.3d 809, 815 (9th Cir. 2002) (courts may take judicial notice of relevant state court records in federal habeas proceedings).

prerequisite to the granting of a petition for writ of habeas corpus.  28 U.S.C. § 2254(b)(1).  A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court.  Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986).[2]

Accordingly, IT IS HEREBY RECOMMENDED that petitioner's motion to reopen his case (ECF No. 29) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  April 18, 2022

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/rene2139.60b

---

[2]  Petitioner is cautioned that the habeas corpus statute imposes a one year statute of limitations for filing non-capital habeas corpus petitions in federal court.  In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending.  28 U.S.C. § 2244(d).